UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN D. BROADFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   16-CV-1092 |
| | ) |
| LIVINGSTON COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW AND CASE MANAGEMENT ORDER**

The plaintiff, a federal inmate currently housed at the Lexington Federal Medical Center, was granted leave to proceed *in forma pauperis*. This case is now before the Court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff alleges a litany of claims in his complaint. First, the plaintiff alleges that defendant Williams, the jail doctor, failed to warn the plaintiff about the side effects of the drugs the plaintiff was prescribed. As a result, the plaintiff alleges that he suffers severe withdrawal symptoms after he stopped taking the medication, though the plaintiff does not specify whether he stopped taking his prescription medication because the medical staff had ordered him to, or whether he did this on his own accord.

Second, the plaintiff alleges that defendant Cox "dumped" the plaintiff out of a wheelchair after the plaintiff had fallen and hurt his back while defendant Durham stood by and watched the plaintiff lie on the floor in extreme pain. The plaintiff alleges that defendant Williams made him wait approximately five (5) months after the injury for an MRI on his back.

Third, in October, 2015, the plaintiff alleges he was sent to segregation. Defendant Fosdic, a correctional officer, failed to restrain him after the plaintiff warned him that he needed to be restrained, or else the plaintiff would continue to inflict harm upon himself. The plaintiff alleges that he was later left unrestrained in a suicide room where he broke a window while continuing to kick and slam his face against the window.

Finally, the plaintiff alleges that jail officials are overcharging for commissary items and phone calls, forcing inmates to remain outside their cells for 12 hours a day and are violating a series of state laws and regulations.

The plaintiff states three plausible, and unrelated claims: (1) deliberate indifference to a serious medical need against the jail doctor for failure to order an MRI and arguably for continually prescribing medication that did not work; (2) excessive force and failure to protect claims against defendants Cox and Durham; and, (3) deliberate indifference to a serious mental health need against defendant Fosdic. The plaintiff's claims for overcharging, forcing inmates to remain outside their cells, and violations of state laws fails to state a claim and is dismissed. *See Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of state law is not a ground for a federal civil rights suit.").

In this case, the plaintiff's first claim of deliberate indifference to a serious medical need will proceed against Dr. Dan Williams. The Court will sever the second and third claims of plaintiff into separate lawsuits pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)(separate claims against different defendants belong in separate lawsuits), and will open a single new case for each claim with a newly-assigned case number. Plaintiff may proceed on his claims in the newly-severed cases or may voluntarily dismiss one or both if he does not wish to proceed on those claims and incur the additional filing fees.

**IT IS THEREFORE ORDERED:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against defendant Dr. Dan Williams. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to attempt service on defendant Dr. Dan Williams pursuant to the standard procedures. All other defendants should be terminated from this case.

12. The clerk is directed to open a new case entitled, *Brian D. Broadfield v. William Cox and Jason Durham*. This newly-severed case will proceed on Eighth Amendment claims for excessive force and failure to protect against defendants Cox and Durham. The clerk is also directed to do the following:

    (a) File the complaint and motion to proceed *in forma pauperis* from Case 16-1092 into the newly-severed case, and enter the standard text order ruling on the motion for ifp;

    (b) File this Merit Review and Case Management Order in the newly-severed case;

    (c) Send the standard Notice of Case Opening for the newly-severed case to the plaintiff with a copy of this Order.

If the plaintiff wishes to voluntarily dismiss this newly-severed case, he must file a motion within fourteen (14) days. If no motion is filed, the case will proceed accordingly, and the plaintiff will be responsible for the additional $400 filing fee.

13. The clerk is directed to open a new case entitled, *Brian D. Broadfield v. Officer Fosdic*. This newly-severed case will proceed on an Eighth Amendment claim for deliberate indifference to a serious mental health need against defendant Fosdic. The clerk is also directed to do the following:

    (a) File the complaint and motion to proceed *in forma pauperis* from Case 16-1092 into the newly-severed case, and enter the standard text order ruling on the motion for *ifp;*

    (b) File this Merit Review and Case Management Order in the newly-severed case;

    (c) Send the standard Notice of Case Opening for the newly-severed case to the plaintiff with a copy of this Order.

If the plaintiff wishes to voluntarily dismiss this newly-severed case, he must file a motion within fourteen (14) days. If no motion is filed, the case will proceed accordingly, and the plaintiff will be responsible for the additional $400 filing fee.

Entered this 8th day of June, 2016.

**/s/Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE