UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |  |
|---|---|---|
| BRIAN D. BROADFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-1092 |
| | ) | |
| DR. DAN WILLIAMS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se and presently incarcerated at Lexington Federal Medical Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need for treatment he received while incarcerated at Livingston County Jail. The matter comes before this Court for ruling on several outstanding motions.

**Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 28)**

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend a pleading a matter of course within certain timeframes. Fed. R. Civ. P. 15(a)(1). Plaintiff filed his motion outside of those timeframes and, thus, he may amend his complaint "only with the other party's consent or the court's leave." *Id.* 15(a)(2). The rule requires the Court to "freely give leave when justice so requires." *Id.*

In its Merit Review Opinion, the Court found that Plaintiff stated a claim for deliberate indifference to a serious medical need against Defendant Williams, the individual who treated Plaintiff's medical conditions. (Doc. 11). The Court also severed two unrelated claims, one of which was asserted against William Cox, the jail's superintendent. *Id.* Those claims are

proceeding separately.  *See Broadfield v. Cox*, No. 16-1201 (C.D. Ill., filed Jun. 8, 2016); *Broadfield v. Fosdic*, No. 16-1202 (C.D. Ill., filed Jun. 8, 2016).

Plaintiff seeks to add claims against five (5) new defendants: (1) Defendant John Doe Attending Physician; (2) Defendant Nurse James LNU; (3) Defendant Johnson, the chief executive officer of Advanced Correctional Healthcare; (4) Defendant Cox, the jail superintendent; and, (5) Defendant Inman, the assistant jail superintendent.  In his proposed amended complaint, Plaintiff reiterates his allegations against Defendant Williams regarding treatment he received for his back pain and mental health issues, but he does not make any specific allegations against the five defendants he seeks to add.  Plaintiff's only specific allegations are against Defendant Williams.

Furthermore, Plaintiff may not proceed against the medical professionals he seeks to add solely on the basis that these individuals were responsible for Defendant Williams' actions in a supervisory capacity.  The same holds true with regard to the jail administrators Plaintiff seeks to add. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."  *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted). A plaintiff must plead that each official, "though the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  A government official may not be held liable under § 1983 on a theory of respondeat superior, that is, for the unconstitutional acts of his or her subordinates.  *Id*.  To be held liable, a government supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye…." *Vance*, 97 F.3d at 993 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Plaintiff's motion for leave to amend is granted to the extent that he seeks leave to file it. However, pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff fails to state a claim against the defendants he seeks to add. The additional defendants Plaintiff seeks to add will not be served or added as parties to this lawsuit at this time.

### Plaintiff's Motion to Compel (Doc. 37)

Plaintiff filed a motion to compel alleging that Defendant Williams failed to respond to interrogatories, requests for admissions, and requests for production of documents, and provided inadequate or incomplete Rule 26 disclosures. Defendant responds that he sent responses to Plaintiff's discovery requests as evidenced by the notices of service he filed with the Court. *See* (Docs. 27, 40). Defendant asserts that he never received Plaintiff's requests for admissions.

Plaintiff did not attach copies of the Rule 26 disclosures he received from Defendant to his motion to compel. Thus, the Court is unable to evaluate the responses Plaintiff claims are inadequate. As to the remainder of the discovery requests, the Court cannot determine the extent of the discovery exchanged (or not exchanged) between the parties based upon the record now before the Court. Therefore, Plaintiff's motion to compel is granted to the following extent: within 30 days of this Order, Defendant shall: (1) resend the responses listed in his notice of service filed September 9, 2016, *see* (Doc. 27); and (2) respond to Plaintiff's requests for admissions attached to his motion to compel, *see* (Doc. 37-1 at 10-12). Plaintiff's motion to compel is denied as to any other relief requested.

### Plaintiff's Motion for Subpoena (Doc. 29)

Plaintiff filed four (4) subpoenas intended for service upon Advanced Correctional Healthcare, Livingston County Sheriff's Department, Knox County Sheriff's Department, and the Henry County Sheriff's Department. Pursuant to Rule 45(a)(3) of the Federal Rules of Civil

Procedure, only the clerk or an attorney authorized to practice in the issuing court may issue subpoenas. Fed. R. Civ. P. 45(a)(3). The Court's Scheduling Order requires Plaintiff to file a motion seeking issuance of a subpoena on nonparties that describes the relevance of the information sought. *See* (Doc. 24 at 5-6, ¶ 14). Thus, the Court interprets Plaintiff's filings as a motion for issuance of subpoenas.

Plaintiff commands production of the same items in each of his subpoenas: documents related to the contract for medical services between Advanced Correctional Healthcare (ACH) and Livingston, Knox, and Henry counties; ACH policies regarding medical treatment, record keeping, and medication distribution; and, communications between several agencies including the Livingston County Board, U.S. Marshals Service, and ACH regarding Plaintiff's medical care. Defendant asserts that the only information relevant in this case is information regarding Defendant's treatment of Plaintiff's medical conditions.

Defendant is correct that a claim pursuant to *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978), is not currently pending in this lawsuit. Nonetheless, Defendant does not deny that he was an ACH employee at the time he treated Plaintiff, and he would have presumably been subject to any ACH policies then in place. The issue in this lawsuit is whether Defendant was deliberately indifferent to Plaintiff's serious medical needs. A medical professional's failure to follow an existing protocol in the course of providing treatment could support an inference that he acted with deliberate indifference. *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016). Therefore, the Court finds that any ACH policy related to medical treatment of inmates is relevant to the issues at hand. Likewise, any promotional material Defendant reviewed regarding prescription medications and their side effects could be relevant in showing Defendant's state of mind while he was treating Plaintiff.

Plaintiff can obtain this information directly from Defendant via the discovery process; subpoenas are not necessary at this time. Furthermore, information provided to Knox and Henry County officials is not relevant to these proceedings. For these reasons, Plaintiff's motion for subpoenas to issue is denied.

### Defendant's Motions for Extension of Time (Docs. 35, 36, 42)

Defendant's Motion for Leave to File Amended Motion for Extension of Time (Doc. 36) is granted. The previous motion (Doc. 35) is denied as moot. Defendant's motions to extend the deadlines for disclosure of experts and completion of discovery are granted. New deadlines are set forth below.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [28] is GRANTED. Clerk is directed to docket the amended complaint attached to Plaintiff's motion. No new service of process shall issue.**

2) **Plaintiff's Motion to Compel [37] is GRANTED to the following extent: Defendant shall: (1) resend the responses listed in his notice of service filed September 9, 2016, *see* (Doc. 27); and (2) respond to Plaintiff's requests for admissions attached to his motion to compel, *see* (Doc. 37-1 at 10-12). The motion [37] is DENIED as to any other relief requested.**

3) **Plaintiff's Motion for Issuance of Subpoenas [29] is DENIED.**

4) **Defendant's Motion for Leave to File Amended Motion for Extension of Time [36] is GRANTED. Clerk is directed to docket, and then grant, the amended motion attached to Defendant's motion. Defendant's Motion [42] is also GRANTED. Defendant requested until January 15, 2017 to disclose expert witnesses and has not since requested additional time. No new deadlines are required for expert disclosures. As to the discovery deadline, the Court finds that Defendant's request for "no less than six (6) months" is excessive at this time. Discovery shall be completed by May 31, 2017. Dispositive motions shall be filed by June 30, 2017. If Defendant seeks additional time, he may file a motion at that time.**

5) **Defendant's Motion [35] is DENIED as moot.**

Entered this 7th day of April, 2017.

*s/Sara Darrow*
SARA DARROW
UNITED STATES DISTRICT JUDGE
